UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P112-R

JONATHAN LEE RICHES                                          PLAINTIFF
A/K/A STEVE JOBS
D/B/A APPLE COMPUTER IPAD CFO

v.

DR. AMANDA HUGHES *et al.*                               DEFENDANTS

**MEMORANDUM & ORDER**

Plaintiff is an inmate incarcerated in the Federal Medical Center (FMC) in Lexington, Kentucky. He initiated this action by filing a document styled "Preliminary Injunction, Temporary Restraining Order, TRO 28 U.S.C. 1331." He alleges imminent danger and bodily harm from the following Defendants: the FMC Residential Drug Abuse Program (RDAP); RDAP Treatment Staff; RDAP Dr. Amanda Hughes; and Dr. Kristen Hungness. While many of Plaintiff's allegations are fanciful, he does allege sexual harassment and assault at the hands of Defendant Dr. Hughes. The Court construes this action as a *Bivens* action, the federal counterpart to a civil rights action under 42 U.S.C. § 1983. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (recognizing an implied cause of action for damages against federal officers in their individual capacities).

As there is no special venue statute for *Bivens* actions, 28 U.S.C. § 1391 controls. Under § 1391(b),[1] civil actions not based solely on diversity of citizenship may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or

---

[1] Plaintiff does not specify capacity. Should he be bringing a civil action against Defendants in their official capacity, § 1391(e) would apply. The result would be the same, however.

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events set forth in the complaint allegedly occurred at the FMC in Lexington, Kentucky, which is located in the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). Additionally, the named Defendants, who work at FMC, presumably also reside in the Eastern District of Kentucky. Therefore, proper venue for this complaint lies in that district.

**IT IS THEREFORE ORDERED that the instant action shall be TRANSFERRED to the United States District Court for the Eastern District of Kentucky, Central Division,** pursuant to 28 U.S.C. § 1406(a)[2] for all further proceedings.

Date:

cc:    Plaintiff, *pro se*
       Clerk, Eastern District of Kentucky
4413.005

---

[2]Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought."